(957 P.2d 1117)

No. 78,937

ANNIE MAY, *Appellant*, v. THE UNIVERSITY OF KANSAS, THE STATE OF KANSAS, and THE STATE SELF-INSURANCE FUND, *Appellees*.

Opinion filed April 24, 1998.

*Chris Miller*, of Lawrence, for appellant.

*Roy T. Artman*, of Kansas Department of Administration, of Topeka, for appellee.

Before BRAZIL, C.J., RULON, J., and JACK A. MURPHY, District Judge, assigned.

RULON, J.: Claimant Annie May appeals from the Workers Compensation Board (Board) order denying her request for attorney fees for post-award services and expenses. We affirm.

As a result of a work-related accident on December 16, 1988, claimant was awarded temporary total disability benefits, payment

of all authorized medical expenses, and vocational rehabilitation benefits. The administrative law judge (ALJ) concluded that claimant had sustained a 48% permanent partial work disability with an accompanying functional disability of 10%. In addition, the ALJ found that claimant would require future medical treatment and awarded payment for her future medical expenses. Claimant's attorneys were granted a lien against the proceeds of the award of not more than 25%. No appeal was taken, and the Director affirmed the award.

On June 27, 1996, claimant moved the ALJ to award attorney fees under K.S.A. 44-536(g) in the amount of $4,185.48 for services rendered in connection with her ongoing medical benefits. The ALJ found that because there had been no dispute concerning any of the claimed medical bills, and the bills were paid without protest from the respondents, the attorney services were clerical, rather than legal, in nature. The ALJ concluded the reasonable value of such services was $500. The ALJ awarded a total of $538.51 to compensate claimant's attorney for fees and expenses. Claimant and respondents, The University of Kansas and the State Self-Insurance Fund (KU), appealed the decision of the Board. Claimant challenged the amount of attorney fees awarded, and the respondents challenged the award of attorney fees where there was no showing that legal assistance was necessary.

The Board found that K.S.A. 44-536(g) provides for reasonable attorney fees and expenses in certain circumstances not otherwise connected with an application for review and modification or a hearing for additional benefits. However, the Board concluded the facts in the instant case failed to show that an attorney's services were required at all. The Board concluded that the "ministerial services" itemized and provided by claimant's attorney were not necessary to insure that KU complied with the order of the ALJ or were otherwise required as part of the attorney's representation of claimant. Therefore, the Board denied claimant's request for attorney fees.

The resolution of this issue involves an interpretation of a statute. The interpretation of a statute is a question of law, and our review

is unlimited. See *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, Syl. ¶ 1, 930 P.2d 1366 (1997).

It is not clear from the record when claimant entered into a contract for legal services with her attorney, Chris Miller. K.S.A. 44-536(g) has been amended several times since the date of claimant's injury. Although the date of the contract controls the version of 44-536(g) applicable to the contract, the resolution of this case is not dependent on the date of claimant's contract for legal services because the amendments tend to clarify the pertinent provisions of the statute rather than change it.

Both parties in their briefs and the Board in its decision quote the 1993 version of K.S.A. 44-536(g), which provides:

"In the event any attorney renders services to an employee or the employee's dependents, subsequent to the ultimate disposition of the initial and original claim, and in connection with an application for review and modification, a hearing for additional medical benefits, or otherwise, such attorney shall be entitled to reasonable attorney fees for such services, in addition to attorney fees received or which the attorney is entitled to receive by contract in connection with the original claim, and such attorney fees shall be awarded by the director on the basis of the reasonable and customary charges in the locality for such services and not on a contingent fee basis. If the services rendered under this subsection by an attorney result in an additional award of compensation, the attorney fees shall be paid from such amounts of compensation. If such services involve no additional award of compensation, the director shall fix the proper amount of such attorney's fees in accordance with this subsection and such fees shall be paid by the employer or the workers compensation fund, if the fund is liable for compensation pursuant to K.S.A. 44-567 and amendments thereto, to the extent of the liability of the fund."

Claimant contends her claim for attorney fees is authorized by K.S.A. 44-536(g) because such statute does not limit an award of attorney fees to any particular type of attorney service. Claimant points to the word "otherwise" in the statute to support her argument that the legislature specifically intended to authorize payment for all post-award attorney services, so long as the amount charged for those services is reasonable and customary.

Respondents argue there is an implicit requirement in K.S.A. 44-536(g) that the post-award attorney services involve some kind

of dispute or additional claim and that attorney fees are not authorized for purely clerical or "ministerial services."

The Board found the use of the word "otherwise" in the statute supported a finding that an award for attorney fees was authorized for attorney services outside those specifically mentioned in the statute, but that implicit in the statute was a requirement that the services of the attorney be necessary. Because the Board deemed the attorney services in this case to be unnecessary, an award for attorney fees was denied.

K.S.A. 44-536(g) is ambiguous regarding the specific post-award situations where attorney fees are authorized. "It is the function of a court to interpret a statute to give it the effect intended by the legislature." *In re Application of Zivanovic*, 261 Kan. 191, Syl. ¶ 1, 929 P.2d 1377 (1996).

"In determining legislative intent, courts are not limited to a mere consideration of the language used, but look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested." *State v. Le*, 260 Kan. 845, Syl. ¶ 3, 926 P.2d 638 (1996).

The legislature's intent regarding situations where post-award attorney fees are appropriate under K.S.A. 44-536 can be ascertained by examining amendments to that statute. In 1997, the legislature added several phrases to clarify which party is responsible for the payment of attorney fees awarded after the ultimate disposition of the original claim.

The 1997 amendments define which party is or may be responsible for paying post-award attorney fees. If the attorney gets an additional award of disability compensation, the fees shall be paid from that award. If the attorney gets no additional award of disability compensation, but gets an additional award of medical compensation, penalties, or other benefits, the attorney shall be paid by the employer or the Workers Compensation Fund. If the attorney is unsuccessful in getting any additional compensation, the Director may authorize the fee to be paid by the respondent. See K.S.A. 1997 Supp. 44-536(g). Clearly, the attorney work contem-

plated by the statute must be directed toward securing additional benefits for the claimant.

The attorney work for which claimant requests fees involved monitoring her case to assure the timely payment of medical compensation from respondents, who had never been delinquent in making those payments. Monitoring cases results in no benefit to the claimant and is not contemplated by K.S.A. 44-536(g).

Furthermore, limiting attorney fees to those cases where actual monetary benefits for the claimant are the intended result is consistent with the general rule that statutes are to be construed to avoid unreasonable results. See *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643, 941 P.2d 1321 (1997). Statutory attorney fee awards serve to deter potential violators and encourage voluntary compliance with the statute involved. *Hatfield v. Wal-Mart Stores, Inc.*, 14 Kan. App. 2d 193, 199, 786 P.2d 618 (1990).

The Board found the record in this case is void of any evidence that respondents failed to comply with the provisions of claimant's award. It is contrary to public policy to add the burden of attorney fees to a respondent who has conscientiously complied with all provisions of an award. Such a holding would defeat the policy of encouraging timely compliance by respondents.

Affirmed.