(20 P.3d 738)

No. 85,559

BRENDA L. NAFF, *Claimant/Appellant,* v. DAVOL, INC., *Respondent/Appellee,* and LUMBERMAN'S MUTUAL CASUALTY COMPANY, *Insurance Carrier/Appellee.*

Opinion filed March 23, 2001.

*Chris Miller,* of Lawrence, for the appellant.

*Mark E. Kolich,* of Mustain, Higgins, Kolich, Lysaught, & Tomasic, Chartered, of Kansas City, for the appellees.

Before RULON, C.J., PIERRON, J., and ROGG, S.J.

PIERRON, J.: Brenda Lee Naff appeals from the Workers Compensation Board (Board) order denying her request for attorney fees for post-award services and expenses.

This case has been before our court once before and the facts are, for the most part, undisputed. *Naff v. Davol, Inc.,* No. 79,250, unpublished opinion filed January 8, 1999. In 1994, Naff suffered an on-the-job injury to both arms, hands, and shoulders. Davol, Inc., fired Naff in 1996 citing her inability to perform work duties. Naff instituted workers compensation proceedings.

Special Administrative Law Judge (ALJ) William Morrissey entered a final award on November 27, 1996. Naff was awarded compensation of approximately $11,000 for 15% loss of use of her left arm and 10% loss of use of her right arm. For the purpose of this appeal, the critical language in the final award provided continuing medical care as follows: "Continuing conservative medical care, as needed, is order [sic] provided by a physician of respondent's choice. Claimant shall file application with the director for approval of more extensive medical care, if indicated."

Approximately 1 week after entry of the final award, on December 4, 1996, Naff's counsel sent a letter to counsel for Davol requesting additional medical treatment. Naff filed an application for

a preliminary hearing after Davol failed to agree to pay for additional medical care. At the hearing, Naff testified that she had consulted three doctors since the original award had been made on her behalf. One of those doctors, Dr. Lynn Ketchum, had recommended surgery, while the other two did not recommend surgery. Davol's counsel questioned Naff on the fact that Dr. Ketchum had recommended surgery prior to the original award, but that Naff chose not to pursue surgery, and that her condition had not changed since the original award. The ALJ ordered respondent to pay for medical treatment, including surgery by Dr. Ketchum.

Davol appealed the ALJ's order to the Board arguing the ALJ had no authority to designate Naff's medical expert as the treating physician. The Board dismissed the case finding it had no jurisdiction to hear an appeal from a preliminary order. Davol appealed to our court. We reversed the Board's decision and ordered a decision of the case on its merits.

On remand, the Board entered an order on August 31, 1999, sustaining Davol's position and holding the ALJ erred in designating Dr. Ketchum as the treating physician. The Board concluded the ALJ should have ordered a change of treating physician pursuant to K.S.A. 1999 Supp. 44-510(c). The Board ordered Davol to submit the names of three physicians from which Naff would select the authorized treating physician. Davol submitted the names of three physicians to claimant on September 7, 1999.

On September 29, 1999, Naff filed a motion to assess attorney fees pursuant to K.S.A. 44-536(g). Naff argued Davol was responsible for her attorney fees in connection with pursuing additional medical treatment after the original award. Naff's counsel attached billing records demonstrating approximately $7,600 in attorney fees and expenses since the original award had been entered in November 1996. ALJ Brad Avery awarded Naff her attorney fees and expenses as requested, finding the payment of attorney fees by the employer and its insurance carrier was mandatory under K.S.A. 44-536(g). Davol applied for review of the ALJ's decision by the Board.

The Board reversed the ALJ's decision. The Board found that to order Naff's attorney fees paid by Davol under the circum-

stances where the physician recommending surgery made the same recommendation before the regular hearing, and Naff chose not to pursue surgery at that time, would be inconsistent with the purpose of the post-award attorney fees provisions of K.S.A. 44-536(g). Naff appeals the Board's decision.

The resolution of case issue involves an interpretation of a statute. The interpretation of a statute is a question of law, and our review is unlimited. See *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

The statutory provision at issue is K.S.A. 44-536(g), which provides:

"(g) In the event any attorney renders services to an employee or the employee's dependents, subsequent to the ultimate disposition of the initial and original claim, and in connection with an application for review and modification, a hearing for additional medical benefits, an application for penalties or otherwise, such attorney shall be entitled to reasonable attorney fees for such services, in addition to attorney fees received or which the attorney is entitled to receive by contract in connection with the original claim, and such attorney fees shall be awarded by the director on the basis of the reasonable and customary charges in the locality for such services and not on a contingent fee basis. If the services rendered under this subsection by an attorney result in an additional award of disability compensation, the attorney fees shall be paid from such amounts of disability compensation. If such services involve no additional award of disability compensation, but result in an additional award of medical compensation, penalties, or other benefits, the director shall fix the proper amount of such attorney fees in accordance with this subsection and such fees shall be paid by the employer or the workers compensation fund, if the fund is liable for compensation pursuant to K.S.A. 44-567 and amendments thereto, to the extent of the liability of the fund. If the services rendered herein result in a denial of additional compensation, the director may authorize a fee to be paid by the respondent."

Three cases have addressed K.S.A. 44-536(g). In *Lackey v. D & M Trucking*, 9 Kan. App. 2d 679, 687 P.2d 23 (1984), the court considered issues surrounding an employer's lump-sum payment made to a surviving spouse and a subsequent remarriage by the surviving spouse. In terms of attorney fees under K.S.A. 44-536(g), the court held the district court lacked statutory authority to award attorney fees where no request was made to the ALJ or the Workers Compensation Director. 9 Kan. App. 2d at 686-87.

In *Hatfield v. Wal-Mart Stores, Inc.*, 14 Kan. App. 2d 193, 786 P.2d 618 (1990), the court considered the situation of an employer's failure to pay compensation when due pursuant to an award and the attorney fees resulting from the claimant's civil penalty action under K.S.A. 44-512a(b). The *Hatfield* court reconciled K.S.A. 44-512a(b) and K.S.A. 44-536(g) to hold that a contingent fee is not recoverable in a K.S.A. 44-512a(b) action. The court permitted attorney fees on the basis of a reasonable number of hours worked, multiplied by a reasonable hourly rate and then adjusted by the factors listed in K.S.A. 44-536(b)(1)-(8). 14 Kan. App. 2d at 198-200.

Naff cites *Hatfield* for the general principles stated in the opinion concerning statutory attorney fees. The *Hatfield* court expressed the following policy reasons: (1) Statutory attorney fee awards serve to deter potential violators and encourage voluntary compliance with the statute involved; and (2) Statutes allowing an award of attorney fees are not passed to benefit the attorney, but are passed to enable litigants to obtain competent counsel. 14 Kan. App. 2d at 199.

The most recent case to address K.S.A. 44-536(g) is *May v. University of Kansas*, 25 Kan. App. 2d 66, 957 P.2d 1117 (1998). In *May*, the claimant requested attorney fees under K.S.A. 44-536(g) for services in connection with ongoing medical benefits. There was never any dispute concerning the claimed medical bills and the bills were paid without protest. The court held the attorney work for which the claimant requested fees involved monitoring her case to assure the timely payment of medical compensation from the respondents, who had never been delinquent in making those payments, and the simple monitoring of the cases resulted in no benefit to the claimant and was not contemplated by K.S.A. 44-536(g). 25 Kan. App. 2d at 70.

The *May* court reiterated the policy reasons for statutory attorney fees outlined in *Hatfield* and then added the following: "It is contrary to public policy to add the burden of attorney fees to a respondent who has conscientiously complied with all provisions of an award. Such a holding would defeat the policy of encouraging timely compliance by respondents." 25 Kan. App. 2d at 70.

Initially, we address two factual findings entered by the Board.

"The determination of whether the Board's findings of fact are supported by substantial competent evidence is a question of law. In workers compensation cases, substantial evidence is evidence possessing something of substance and relevant consequence and carrying with it fitness to induce conviction that the award is proper, or furnishing a substantial basis of fact from which the issue tendered can be reasonably resolved." *Griffin v. Dale Willey Pontiac-Cadillac-GMC Truck, Inc.*, 268 Kan. 33, 34, 991 P.2d 406 (1999).

First, the Board found Davol had complied with all orders of the Court and that the disagreement between Naff and Davol did not concern providing medical treatment. Instead, the Board found the disagreement was about which physician should provide treatment and specifically whether Naff should receive the more aggressive treatment recommended by Dr. Ketchum.

The purpose of this first finding is to address the public policy reasons stated by the court in *May*, 25 Kan. App. 2d at 70. As stated above, *May* provides authority that attorney fees are not to be assessed against employers and insurance companies who conscientiously comply with workers compensation awards.

Naff argues her case is markedly different from *May* in that Davol has refused to voluntarily provide additional medical treatment to her at each juncture of the proceedings. She contends Davol has repeatedly argued that she is not entitled to additional treatment of her injuries. Therefore, Naff maintains Davol should not receive the same protection established in *May* when they have clearly objected to additional medical treatment.

We disagree with Naff's argument and hold the Board's finding that Davol conscientiously complied with the awards of the Board and the Court is supported by substantial competent evidence. Davol's original objection to the ALJ's order dated March 6, 1997, was that the ALJ did not have authority and jurisdiction to authorize a particular physician to provide treatment to Naff. Davol had a right to challenge the procedure by which Naff obtained additional medical care if the procedure was not pursuant to the award or the applicable workers compensation statutes. Davol challenged Naff at every juncture after the original award concerning additional medical care. However, the Board's ultimate decision after

the first appeal that the ALJ incorrectly ordered Dr. Ketchum to perform the medical treatment validated Davol's claim that the ALJ did not follow the proper procedure in permitting subsequent medical treatment.

The second important finding made by the Board was that the surgery recommended by Dr. Ketchum was the same treatment he recommended prior to the original award and that Naff represented to the ALJ that she had reached maximum medical improvement by proceeding to a regular hearing and award. Naff does not challenge this factual finding, but instead challenges the Board's failure to strictly follow K.S.A. 44-536(g). The evidence clearly establishes that Dr. Ketchum recommended surgery prior to Naff's original award, but she chose not to pursue that as an option.

Naff argues the Board incorrectly interpreted K.S.A. 44-536(g) to include a requirement that a claimant's circumstances have changed in order to allow attorney fees. Naff states a reading of K.S.A. 44-536(g) includes no such requirement. She indicates the express language of K.S.A. 44-536(g) provides for attorney fees for services in this case: (1) rendered subsequent to the initial award; (2) in connection with an hearing for additional medical benefits; and (3) that are reasonable for such services. K.S.A. 44-536(g) then provides that if the attorney's services result in additional disability compensation, the fee is deducted from the award. If the attorney's services result in additional medical compensation, then the fee is paid by the employer or its insurer.

Naff claims the Board's requirement of a change or worsening of circumstances in order to award attorney fees under K.S.A. 44-436(g) is unjust. She argues the requirement of a change in circumstances puts the injured worker in a nearly impossible situation. She contends if the injured worker claims his or her condition has worsened, the insurance company will likely argue the worsening represents some intervening factor for which they are not responsible. On the other hand, Naff states that if the injured worker's condition is unchanged, the insurance company can argue that treatment should not be required because there has been no change in circumstances. Naff suggests that to place the injured

worker in such a dilemma is unjust, and contemplated neither by the statutory language or caselaw.

Davol does not address Naff's argument concerning the statutory elements in K.S.A. 44-536(g). Davol argues Naff's attorney should not be allowed to manipulate the workers compensation statutes to allow the employee's attorney to collect a fee from the opposing party where the fee would otherwise be encompassed within the attorney fee from the employee.

Pursuant to K.S.A. 44-536(c), prior to the original award, an attorney is not entitled to attorney fees with respect to compensation for medical expenses. An attorney is awarded a fee based on the amount of disability compensation recovered in the case. K.S.A. 44-536(a). However, under K.S.A. 44-536(g), an attorney can collect attorney fees for services rendered in connection with medical compensation subsequent to the ultimate determination of the case and have the employer pay those fees.

In this case, the Board was attempting to stop an apparent abuse of the workers compensation system. Instead of pursuing the medical treatment recommended by Dr. Ketchum in June of 1996, Naff proceeded to regular hearing claiming her condition was at maximum medical improvement. She received an award for permanent disability to both her arms and shoulders. Yet, a short time after receiving her award, she decided to pursue the surgery recommended prior to the award.

We recognize Naff's statutory argument concerning the elements of K.S.A. 44-536(g). However, we hold that in a case where medical treatment being sought was recommended prior to the issuance of the original award and the employee choose not to pursue that medical treatment, it is proper for the Board to require a change in circumstances of the employee's injuries in order to award attorney fees under K.S.A. 44-536(g). Any attorney fees associated with challenging the extent of medical compensation prior to the original award would not have been compensable under these facts. The Board properly recognized that immediately reopening the question, right after the disability determination award for no discernable reason, should not give rise to the awarding of attorney fees under our statutory setup.

Under the facts of this case, we hold the Board did not err in requiring a change in circumstances in order for the attorney to receive attorney fees under K.S.A. 44-536(g).

Affirmed.