No. 97,649

JOHN W. HIGGINS, *Appellant*, v. ABILENE MACHINE, INC., and CONTINENTAL NATIONAL AMERICAN GROUP, *Appellees*.

(204 P.3d 1156)

Opinion filed March 27, 2009.

*Robert R. Lee*, of Wilson, Lee, Gurney, Carmichael & Hess, of Wichita, argued the cause and was on the brief for appellant.

*Ryan D. Weltz*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Wichita, argued the cause, and *D. Steven Marsh* and *Janell Jenkins Foster*, of the same firm, were on the briefs for appellees.

*John M. Ostrowski*, of McCullough, Wareheim & LaBunker, P.A., of Topeka, for *amicus curiae* Kansas AFL-CIO.

The opinion of the court was delivered by

BEIER, J.: In this workers compensation appeal, we decide whether a claimant may recover expert witness fees when the fees are incurred in pursuit of post-award medical benefits.

The legally relevant facts are undisputed. Claimant John W. Higgins sustained a back injury in 1997 while working for Respondent Abilene Machine, Inc., which is insured by Respondent Continental National American Group. Higgins received compensation for his injury and later twice received post-award medical benefits. During the second post-award proceeding, Drs. Paul S. Stein and Gary W. Coleman gave depositions for Higgins. At the conclusion of the proceeding, Higgins sought payment for $1,064.47 in fees and expenses—"costs"—for his expert witnesses under the authority of K.S.A. 2008 Supp. 44-510k(c).

K.S.A. 2008 Supp. 44-510k(c) provides:

"The administrative law judge may award attorney fees and costs on the claimant's behalf consistent with subsection (g) of K.S.A. 44-536 and amendments thereto. As used in this subsection, 'costs' include, but are not limited to, witness fees, mileage allowances, any costs associated with reproduction of documents that become a part of the hearing record, the expense of making a record of the hearing and such other charges as are by statute authorized to be taxed as costs."

K.S.A. 44-536(g) allows recovery of reasonable attorney fees.

The administrative law judge (ALJ) denied the requested payment, and the Workers Compensation Board (Board) affirmed the denial as to the portion attributable to expert witness fees, $905. One Board member dissented, arguing: "Claimants are continually put to the financial test in establishing their right to benefits . . . . [I]f the cost of retaining an expert to testify on one's behalf is not considered a recoverable expense, it may deter a claimant from requesting additional medical benefits."

A divided panel of our Court of Appeals affirmed the Board's decision.

The majority of the panel concluded that expert witness fees may not be recovered without specific statutory authority. See *Divine v. Groshong*, 235 Kan. 127, 679 P.2d 700 (1984); *Grant v. Chappell*, 22 Kan. App. 2d 398, 916 P.2d 723, *rev. denied* 260 Kan. 992 (1996). It also noted that "costs" are routinely defined in the Code of Civil Procedure as court costs, filing fees, service of process fees, etc., see K.S.A. 60-2003; and expert witness fees have never been included in this definition, *Divine*, 235 Kan. at 141. Furthermore, many statutes specifically provide for the recovery of expert witness fees. See K.S.A. 16-1305; K.S.A. 49-426(d); K.S.A. 2008 Supp. 75-5672(c). K.S.A. 2008 Supp. 44-510k(c) does not.

In dissent, Judge John J. Bukaty, Jr., argued that K.S.A. 2008 Supp. 44-510k(c) differs from other Kansas statutes because it does not provide a specific list of costs. He read the statute's use of the phrase, " 'costs' include, but are not limited to," to imply that an ALJ may, in his or her discretion, award expert witness fees. Judge Bukaty also appeared to be persuaded by the public policy argument of the Board's dissenter, opining that many claimants would not be able to afford to seek post-award medical benefits if expert witness fees could not be recovered.

We granted Higgins' petition for review.

Before us, Higgins continues to advance the public policy argument, asserting that K.S.A. 2008 Supp. 44-510k(c) must require or allow recovery of expert witness fees incurred in a proceeding to recover post-award medical benefits, because a claimant cannot hope to obtain such benefits without expert testimony in his or her favor.

For their part, respondents argue in a supplemental brief filed with this court that the legislature could have expressly defined "costs" as used in K.S.A. 2008 Supp. 44-510k(c) to include expert witness fees. In their view, the passage in 44-510k(c) stating "witness fees, mileage allowances, any costs associated with reproduction of documents that become a part of the hearing record, the expense of making a record of the hearing and such other charges as are by statute authorized" means that the items to be allowed as costs are the traditional ones associated with litigation, not expert witness fees.

The question before us is one of first impression. It also is a question of statutory interpretation or construction subject to unlimited review by this court. See *Genesis Health Club, Inc. v. City of Wichita*, 285 Kan. 1021, 1031, 181 P.3d 549 (2008). No significant deference is due the ALJ's or the Board's interpretation or construction of a statute. See *Denning v. KPERS*, 285 Kan. 1045, 1048, 180 P.3d 564 (2008) ("An agency's interpretation of a statute is not conclusive; final construction of a statute always rests within the courts."); *Graham v. Dokter Trucking Group*, 284 Kan. 547, 554, 161 P.3d 695 (2007) (agency's interpretation of statute not binding on court; although persuasive, not conclusive); *Board of Leavenworth County Comm'rs v. Whitson*, 281 Kan. 678, 684, 132 P.3d 920 (2006) (same de novo standard of review applied to question of statutory interpretation, construction arising from administrative adjudication as to one arising out of lower court).

The most fundamental rule of statutory interpretation and construction is that the intent of the legislature governs if that intent can be ascertained. *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007). The court's first task is to "ascertain the legislature's intent through the statutory language it

employs, giving ordinary words their ordinary meaning." *State v. Stallings*, 284 Kan. 741, 742, 163 P.3d 1232 (2007).

"When a statute is plain and unambiguous, we must give effect to its express language, rather than determine what the law should or should not be. We will not speculate on the legislative intent and will not read the statute to add something not readily found in it. If the statute's language is clear, there is no need to resort to statutory construction." *Graham*, 284 Kan. at 554.

"If, on the other hand, a plain reading of the text of a statute yields an ambiguity or a lack of clarity, statutory construction becomes appropriate. In such circumstances, a court must move outside the text of the provision at issue and examine other evidence of legislative intent, such as legislative history, or employ additional canons of statutory construction to [determine] the legislature's meaning." *Board of Leavenworth County Comm'rs*, 281 Kan. at 685.

The plain language of the first sentence of K.S.A. 2008 Supp. 44-510k(c) explicitly endows an ALJ with the discretion to grant attorney fees and costs to a workers compensation claimant in a post-award medical benefits proceeding. The second sentence does not define "costs"; rather, it sets nonexclusive parameters on the word's coverage by listing several examples. The plain language of this second sentence does not answer the specific question before us regarding whether an ALJ may grant a claimant expert witness fees. We therefore look to legislative history and canons of statutory construction to determine the legislature's intent.

The language on which this case focuses—"[a]s used in this subsection, 'costs' include, but are not limited to, witness fees, mileage allowances, any costs associated with reproduction of documents that become a part of the hearing record, the expense of making a record of the hearing and such other charges as are by statute authorized to be taxed as costs"—was added to K.S.A. 44-510k(c) in 2002. L. 2002, ch. 122, sec. 6. Unfortunately, other than the existence of the amendment and its timing, legislative history explains nothing about the legislature's contemporaneous reasoning. It appears that the Workers Compensation Advisory Council requested the changes. Minutes of the Senate Committee on Commerce, March 22, 2002. But the only expansion on the rationale for the amendment, found in the Conference Committee Report, for the most part merely repeats the language of the statute itself:

"[The changes will] [c]larify that attorney fees and costs that may be awarded by administrative law judge in a workers compensation case could include witness fees, mileage allowances, any costs associated with reproduction of documents that become a part of the hearing record, and the expense of making a record of the hearing."

Lacking any illuminating legislative history, we perceive three possible statutory construction arguments regarding 44-510k(c) in Higgins' favor: (1) "Witness fees" as listed in potential "costs" should be read to include expert witness fees; (2) "such other charges as are by statute authorized to be taxed as costs," also listed, should be read to include expert witness fees; and (3) expert witness fees need not be listed as potential costs because the list is merely exemplary, not exclusive, and such fees are similar enough to the listed items to conclude that the statute authorizes their award.

With regard to the first argument, Higgins asserts that the only witnesses who charge a fee in proceedings to recover post-award medical benefits are expert witnesses. Thus, in his view, the legislature must have intended that "witness fees" include expert witness fees. This assertion has undeniable, superficial commonsense appeal. Yet the *in pari materia* canon of statutory construction— *i.e.*, the imperative that we analyze the Workers Compensation Act as a whole—persuades us that "witness fees" is not so elastic that it includes expert witness fees. The Act's specific provision on "witness fees" states only:

"Each witness who appears before the director or administrative law judge in response to a subpoena shall receive the same fee and mileage as is provided for witnesses attending district courts in civil cases in this state. The director or the administrative law judge, whoever is conducting the hearing, shall tax and apportion the costs of such witness fees in the discretion of the director or the administrative law judge, as the case may be, and shall make such orders relative to the payment of such fees as the director or the administrative law judge deems expedient in order to secure and provide for the payment of the witness fees." K.S.A. 44-553.

For whatever reason, the legislature chose to make "witness fees" under the Workers Compensation Act a defined term, and to confine such fees to those permitted in civil cases. Witnesses in civil cases receive reimbursement for necessary travel beyond one

mile and $10 per day "[f]or attending before any court or grand jury, or before any judge, referee, or commission." K.S.A. 28-125(a)(1), (3).

With regard to the second argument, we observe that no provision in either the Workers Compensation Act or the Code of Civil Procedure authorizes expert witness fees to be classified or taxed as "costs." Further, this silence is not attributable to the legislature's lack of drafting or enactment know-how. When it has wanted to allow the shifting of responsibility for payment of expert witness fees from one party to another, it has had no trouble saying so. See K.S.A. 16-1305 (outdoor power equipment supplier liable in civil action to retailer for actual costs of action, including attorney, paralegal, expert witness fees); K.S.A. 49-426(f) (any person injured by violation of act governing mined-land conservation, reclamation may bring action for damages, including reasonable attorney, *expert* witness fees).

With regard to the third argument, we have already acknowledged that K.S.A. 2008 Supp. 44-510k(c)'s list of potential costs is exemplary rather than exclusive; however, we disagree that expert witness fees are so similar to the other items in the list that we must regard those fees as necessarily within the legislature's fair contemplation. If expert witness fees are at all similar in character to any of the recoverable items in K.S.A. 2008 Supp. 44-510k(c), they are similar to attorney fees. If they were intended to be allowed, we are confident they would have been expressly set forth in the statute's first sentence with their professional fees counterpart.

We are left with Higgins' public policy argument, *i.e.*, that claimants should not be prevented from obtaining adequate post-award care because they cannot afford to employ an expert to support additional medical benefits. We can certainly understand that this argument is emotionally compelling. Nevertheless, we are not free to act on emotion or even our view of wise public policy. We leave the guidance of public policy through statutes to the legislature.

Affirmed.

JOHNSON, J., dissenting: I agree that this court should not be seduced by emotionally compelling arguments, in contravention of a strict application of the law. Moreover, it is not our function to make public policy in derogation of that expressed by the legislature. However, where there are general policy reasons for the subject matter of a statutory provision, we should view the statutory language through the lens of that public policy, *i.e.*, acknowledge the general public policy advanced by the legislature in passing the law.

In K.S.A. 2008 Supp. 44-510k(c), the legislature specifically provided for an allowance of attorney fees and costs by a workers compensation claimant seeking post-award medical benefits. In such a proceeding, the employer will be ordered to pay the additional medical compensation if the additional medical care "is necessary to cure or relieve the effects of the accidental injury which was the subject of the underlying award." K.S.A. 2008 Supp. 44-510k(a).

The general policy reason behind statutory attorney fee awards is "to deter potential violators and encourage voluntary compliance with the statute involved." *Hatfield v. Wal-Mart Stores, Inc.*, 14 Kan. App. 2d 193, 199, 786 P.2d 618 (1990); see also *Naff v. Davol, Inc.*, 28 Kan. App. 2d 726, 732, 20 P.3d 738, *rev. denied* 271 Kan. 1037 (2001) (applying K.S.A. 44-536[g] attorney fee provisions according to its public policy purpose rather than its strict statutory elements). Accordingly, the general policy reason behind 44-510k(c) is to deter employers from violating their duty to pay additional medical compensation where applicable and to encourage employers to voluntarily comply with their statutory duties to fairly compensate the claimant.

In K.S.A. 2008 Supp. 44-510k(c), the legislature initially combines the allowance as "attorney fees and costs." I cannot divorce the public policy reasons for the attorney fee award from that applicable to the cost award. In addition to recognizing the claimant's need for an attorney to successfully pursue additional medical benefits from a recalcitrant employer, the legislature would surely recognize that any meaningful hearing on the need for post-award medical care would involve expert medical testimony, in one form

or another. Allowing the recovery of attorney fees, but denying the recovery of the cost to obtain the evidence that the attorney needs to be successful, does not further the general public policy of deterrence and encouragement.

In my view, the foregoing public policy interpretation can be reconciled with the language added to the statute in 2002:

"As used in this subsection, 'costs' include, but are not limited to, witness fees, mileage allowances, any costs associated with reproduction of documents that become a part of the hearing record, the expense of making a record of the hearing and such other charges as are by statute authorized to be taxed as costs." L. 2002, ch. 122, sec. 6.

By prefacing the discussion of costs with the statement, "[a]s used in this subsection," the legislature is telling us that "costs" have a unique meaning in a post-award medical benefits proceeding which is not dependent upon the definitions of costs in other areas or other statutes. Pointedly, the attorney fees discussion refers back to K.S.A. 44-536(g), but the costs discussion does not incorporate other costs provisions, such as K.S.A. 44-553, to which the majority cites.

Most importantly, the statutory language explicitly tells the reader not to limit the allowable costs by the examples that are specifically listed. I would heed that directive. The administrative law judge (ALJ) should have the discretion to award as costs the claimant's expenses incurred to provide the proof to overcome an employer's objection to necessary post-award medical care. But *cf. Naff*, 28 Kan. App. 2d at 729 (quoting *May v. University of Kansas*, 25 Kan. App. 2d 66, 70, 957 P.2d 1117 [1998] [" 'It is contrary to public policy to add the burden of attorney fees to a respondent who has conscientiously complied with all provisions of an award. Such a holding would defeat the policy of encouraging timely compliance by respondents.' "]). I would find that the fees and expenses incurred by Higgins to obtain the medical evidence needed to substantiate his claim for additional medical care was allowable at the discretion of the ALJ. However, such costs were not mandated, especially if the employer was conscientiously complying with the provisions of K.S.A. 2008 Supp. 44-510k.