No. 98,468

In The Matter of THE APPEAL OF LEMONS, STEPHEN AND LORETTA, FROM A FINAL DETERMINATION REGARDING 1994 KANSAS INCOME TAX.

(217 P.3d 41)

Opinion filed October 9, 2009.

*Karyn D. Lopez*, of the Kansas Department of Revenue, argued the cause, and *Jay D. Befort* and *James Bartle*, of the Kansas Department of Revenue, were with her on the briefs for appellant.

*S. Lucky DeFries*, of Coffman, DeFries & Nothern, argued the cause, and *Jeffrey A. Wietharn*, of the same firm, was with him on the briefs for appellee.

*Per Curiam*: This case arises on the Kansas Department of Revenues petition for review from our Court of Appeals' decision affirming the Board of Tax Appeals (The Board of Tax Appeals is now the Court of Tax Appeals. See L. 2008 ch. 109, sec. 2) ruling in favor of taxpayers Stephen and Loretta Lemons.

We granted review to address what was then an issue of first impression—whether K.S.A. 2008 Supp. 79-3230(g) tolled K.S.A. 2008 Supp. 79-3230(f)'s 180-day statute of limitations for seeking a refund as a result of an income adjustment. The Department contended that the tolling provision applied only when new income information would prompt an assessment, not when it would prompt a refund. Since we granted review, the legislature amended subsections (f) and (g) of K.S.A. 2008 Supp. 79-3230 to conform the statute to the Department's reading of it. See L. 2009, ch. 142, sec. 5. Thus this case has become one of last, as well as first, impression.

Our interpretation and construction of statutory language is governed by an unlimited standard of review. See *State v. Henning*, 289 Kan. 136, Syl. ¶ 1, 209 P.3d 711 (2009). No significant deference is due to an agency's interpretation or construction of a statute. See *Higgins v. Abilene Machine, Inc.*, 288 Kan. 359, 361, 204 P.3d 1156 (2009); see also *Denning v. Kansas Public Employees Retirement System*, 285 Kan. 1045, 1048, 180 P.3d 564 (2008) (agency interpretation not conclusive); *Graham v. Dokter Trucking Group*, 284 Kan. 547, 554, 161 P.3d 695 (2007) (same).

Regardless of whether we interpret the plain language of K.S.A. 2008 Supp. 79-3230(g) in isolation or we construe the entire text of K.S.A. 2008 Supp. 79-3230 by using legislative history, statutory canons, background considerations, and our previous decisions as guides, we arrive at the same place: The Board of Tax Appeals and the Court of Appeals were correct in allowing these taxpayers to obtain a refund, even though they did not seek it until well after 180 days had passed after their 1994 income adjustment. Until subsections (f) and (g) of K.S.A. 2008 Supp. 79-3230 were amended this year, the tolling provision was not limited in application to those situations in which an income adjustment would enable the Department to assess tax. It also applied to situations in which an income adjustment would prompt a taxpayer to seek a refund.

Affirmed.