(285 P.3d 383)
No. 107,191

MICHAEL L. HALL, *Appellee*, v. KNOLL BUILDING MAINTENANCE, INC., *Appellee*, KANSAS WORKERS COMPENSATION FUND, *Appellant*.

—

Opinion filed September 7, 2012.

*John C. Nodgaard*, of Arn, Mullins, Unruh, Kuhn & Wilson, LLP, of Wichita, for appellant Kansas Workers Compensation Fund.

*Mitchell W. Rice*, of Mann Law Offices, of Hutchinson, for appellee Michael L. Hall.

*Jeffrey E. King*, of Hampton & Royce, L.C., of Salina, for appellee Knoll Building Maintenance, Inc.

Before GREENE, C.J., STANDRIDGE and BRUNS, JJ.

BRUNS, J.: Michael L. Hall was injured when he fell from a ladder while working on a roof for Knoll Building Maintenance,

Inc. (Knoll Corporation). The Knoll Corporation is a Kansas for profit corporation, and all of the corporation's shareholders are related to one another. Following his work-related injury, Hall made a claim for workers compensation benefits. His claim was preliminarily denied by an administrative law judge (ALJ), who found that the Kansas Workers Compensation Act (KWCA), K.S.A. 44-501 *et seq.*, did not apply to the Knoll Corporation because all of its shareholders are members of the same family.

In reviewing the ALJ's preliminary hearing order, the Kansas Workers Compensation Board (Board) concluded that the exclusion for family members set forth in K.S.A. 44-505(a)(2) does not apply to the Knoll Corporation because corporations cannot have a family by marriage or consanguinity. In reaching this conclusion, the Board noted that K.A.R. 51-11-6 expressly states that "[t]he provision in K.S.A. 44-505 excluding the payroll of workers who are members of the employer's family shall not apply to corporate employers." Although the Board remanded Hall's workers compensation claim to the ALJ for further consideration, the Kansas Workers Compensation Fund (Fund) filed a petition for judicial review in this court. Because we find that the Board correctly interpreted K.S.A. 44-505(a)(2) and that K.A.R. 51-11-6 is valid, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 20, 2011, Hall injured his right shoulder at work. Several weeks later, Hall filed an application for hearing with the Division of Workers Compensation, seeking to recover workers compensation benefits for his injury. In his initial application for hearing, Hall listed Doug Knoll—who is an uncle of Hall's wife and one of the shareholders in the Knoll Corporation—as his employer. But Hall later filed an amended application for hearing in which he listed his employer as the Knoll Corporation.

In response, the Knoll Corporation alleged that Hall was an independent contractor and not an employee. Likewise, the Knoll Corporation alleged that although it was not insolvent, it did not have workers compensation coverage on the date of Hall's accident and was not financially able to pay the workers compensation ben-

efits requested by Hall. As such, the Fund was impleaded into the workers compensation case pursuant to K.S.A. 44-532a and actively participated in the workers compensation proceedings.

At a preliminary hearing held by the ALJ on September 8, 2011, the parties stipulated that the gross annual payroll of the Knoll Corporation was in excess of $20,000 and that the corporation would be covered by the KWCA if Hall was deemed to be an employee rather than an independent contractor. Later in the preliminary hearing, the ALJ raised the issue of whether K.S.A. 44-505(a)(2) was applicable to this case, and the Knoll Corporation was allowed to withdraw from the stipulation that it would be covered by the KWCA if Hall was found to be an employee of the corporation. At the conclusion of the preliminary hearing, the ALJ granted the parties leave to file written arguments on the issues of (1) whether Hall was an employee or an independent contractor and (2) whether the Knoll Corporation was exempt from the Act under K.S.A. 44-505(a)(2).

On September 30, 2011, the ALJ issued a preliminary hearing order in which he found that Hall was an employee of the Knoll Corporation. But the ALJ also found that the Knoll Corporation was not subject to the KWCA at the time of Hall's injury because "its payroll, exclusive of wages paid to 'member[s] of the employer's family by marriage or consanguinity' did not exceed $20,000.00 for the year in which [Hall's] injury was sustained." In reaching this decision, the ALJ determined that K.A.R. 51-11-16—which states that the exclusion of wages paid to members of an employer's family shall not apply to corporate employers—is invalid because it conflicts with the provisions of K.S.A. 44-505(a)(2).

Hall filed an application for review of the ALJ's preliminary hearing order with the Board on October 12, 2011. In his application for review, Hall identified the issue presented as whether the ALJ erred in concluding that the Act did not apply to the Knoll Corporation. Specifically, Hall argued that K.A.R. 51-11-16 did not conflict with K.S.A. 44-505(a)(2). As authorized by K.S.A. 44-551(i)(2)(A), the review of the AJL's preliminary hearing order was performed by only one board member rather than by the entire Board.

On November 29, 2011, a member of the Board issued an order partially reversing the ALJ's preliminary hearing order. Expressly, the Board found that the exclusion set forth in K.S.A. 44-505(a)(2) is not applicable to the Knoll Corporation because "a corporation cannot be said to have any family members by marriage or consanguinity." In addition, the Board found that neither it nor the ALJ had jurisdiction or authority to determine whether K.A.R. 51-11-16 is invalid. Thus, the Board concluded that the Knoll Corporation was covered by the provisions of the KWCA, and Hall's claim for workers compensation benefits was remanded to the ALJ for further consideration.

On December 21, 2011, the Fund filed a petition for judicial review with this court. In its petition, the Fund asks that the order entered by the Board be reversed. The Fund also asks that this court find that K.S.A. 51-11-6 is void as a matter of law. In response to the petition, Hall filed a motion to dismiss in which he argued that the order entered by the Board on November 29, 2011, was not a final order subject to judicial review. On January 26, 2012, Hall's motion to dismiss was denied because the petition for judicial review presents a jurisdictional issue reviewable by this court.

## ANALYSIS

*Issue Presented and Standard of Review*

The sole issue presented is whether K.A.R. 51-11-6 conflicts with K.S.A. 44-505(a)(2). Specifically, the Fund and the Knoll Corporation—which has adopted the Fund's legal arguments in its brief—contend that K.A.R. 51-11-6 is void because it contravenes the provisions of K.S.A. 44-505(a)(2). Consequently, they argue that the Division of Workers Compensation lacks jurisdiction to adjudicate the merits of Hall's claim for workers compensation benefits. On the other hand, Hall contends that K.A.R. 51-11-6 and K.S.A. 44-505(a)(2) are not in conflict. Rather, Hall argues that the regulation simply confirms that the family exclusion set forth in the statute is not applicable to corporate employers.

Our standard of review in addressing the issue presented is statutorily controlled by the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 *et seq.*; see also K.S.A. 2011 Supp. 44-556. Under

the KJRA, we may grant relief if the Board erroneously interpreted or applied the law. See K.S.A. 2011 Supp. 77-621(c)(4); *Redd v. Kansas Truck Center,* 291 Kan. 176, 187, 239 P.3d 66 (2010); *Higgins v. Abilene Machine, Inc.,* 288 Kan. 359, 361, 204 P.3d 1156 (2009).

Interpretation of a statute is a question of law subject to unlimited review. In reviewing a workers compensation statute, we afford "no significant deference" to the interpretation given to it by an ALJ or by the Board. Instead, we must independently interpret statutes by ascertaining the intent of the legislature. *Redd,* 291 Kan. at 187-88; *Higgins,* 288 Kan. at 361.

"The first step is to ascertain legislative intent through the language employed, giving ordinary words their ordinary meaning." *Redd,* 291 Kan. at 188 (citing *Higgins,* 288 Kan. at 361-62). "When a statute is plain and unambiguous, [we] must give effect to the statute's express language, instead of determining what the law should or should not be. Appellate courts will not speculate about legislative intent or read a statute in a manner that adds something not readily contained within it." *Redd,* 291 Kan. at 188 (citing *Higgins,* 288 Kan. at 362).

The same standard of review applies to the interpretation of an administrative regulation as applies to the interpretation of a statute. See *Cole v. Mayans,* 276 Kan. 866, 873, 80 P.3d 384 (2003); *Jones v. The Grain Club,* 227 Kan. 148, 150, 605 P.2d 142 (1980). Rules and regulations "are presumed to be valid, and one who attacks them has the burden to show their invalidity." *Ruddick v. Boeing Co.,* 263 Kan. 494, 499, 949 P.2d 1132 (1997) (citing *Capital Electric Line Builders, Inc. v. Lennen,* 232 Kan. 379, 383, 654 P.2d 464 [1982]). But "[t]hose rules or regulations that go beyond the authority authorized, which violate the statute, or are inconsistent with the statutory powers of the agency, are void." *Ruddick,* 263 Kan. 494, Syl. ¶ 4.

*Interpretation of K.S.A. 44-505(a)(2) and K.A.R. 51-11-6*

With limited exceptions, the KWCA applies to all employers that have an annual payroll exceeding $20,000. K.S.A. 44-505. Employers subject to the KWCA must maintain workers compensation

insurance. K.S.A. 2011 Supp. 44-532(b); see *Hill v. Kansas Dept. of Labor*, 42 Kan. App. 2d 215, 220, 210 P.3d 647 (2009), *aff'd in part and rev'd in part on other grounds* 292 Kan. 17, 248 P.3d 1287 (2011). Under the direction of the Secretary of Labor, the Director of Workers Compensation has been charged with administering the KWCA. See K.S.A. 2011 Supp. 75-5708(a).

One of the primary duties of the Director of Workers Compensation is to "adopt and promulgate such rules and regulations as [he or she] deems necessary for the purposes of administering and enforcing the provisions of the workers compensation act." K.S.A. 44-573. Upon filing with the Secretary of State, the rules and regulations adopted by the Director of Workers Compensation shall have the force and effect of law. See K.S.A. 77-425; *Ruddick*, 263 Kan. at 499.

K.S.A. 44-505(a)(2) provides that the KWCA does not apply to

"any employment . . . wherein the employer had a total gross annual payroll for the preceding calendar year of not more than $20,000 for all employees and wherein the employer reasonably estimates that such employer will not have a total gross annual payroll for the current calendar year of more than $20,000 for all employees, *except that no wages paid to an employee who is a member of the employer's family by marriage or consanguinity shall be included as part of the total gross annual payroll of such employer* for purposes of this subsection." (Emphasis added.)

To assist in the determination of gross annual payrolls under K.S.A. 44-505(a)(2), the Director of Workers Compensation adopted K.A.R. 51-11-6, which states:

"In computing the gross annual payroll for an employer to determine whether they are subject to the workers' compensation act, all payroll paid by that employer to all workers shall be included. The computation shall include all payroll whether or not that payroll is paid to employees in the state of Kansas or outside the state of Kansas.

*"The provision in K.S.A. 44-505 excluding the payroll of workers who are members of the employer's family shall not apply to corporate employers.*

"A corporate employer's payroll for purposes of determining whether the employer is subject to the workers' compensation act shall be determined by the total amount of payroll paid to all corporate employees even when a corporate employee has elected out of the workers' compensation act pursuant to K.S.A. 44-543." (Emphasis added.)

Here, the parties agree that the language of K.S.A. 44-505(a)(2) is not ambiguous. Consequently, we must give effect to the express language used in the statute. In doing so, we must give ordinary words their ordinary meanings, and we must resist the temptation of determining what the law should or should not be. See *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, Syl. ¶ 1, 214 P.3d 676 (2009).

Based on the plain and unambiguous language used in K.S.A. 44-505(a)(2), we find that the legislature intended to exclude small businesses from the KWCA with gross annual payrolls of not more than $20,000. Further, we find that the legislature intended the wages of employees who are family members of the employer—by marriage, by blood, or by a common ancestor—are not to be included in calculating whether the employer's gross annual payroll is greater than $20,000.

As Kansas courts have recognized, a corporation cannot have a family or be a family member. See *Sears v. Wilson*, 10 Kan. App. 2d 494, 495, 704 P.2d 389 (1985) ("a corporation cannot have a family, a household, or a spouse"); accord *Thornburg v. Schweitzer*, 44 Kan. App. 2d 611, 623, 240 P.3d 969 (2010), *rev. denied* 292 Kan. 969 (2011). This is also true in Delaware, the state from which much of Kansas corporate law is derived. See *Ruggiero v. Montgomery Mut. Ins. Co.*, No. Civ.A. 03C-04-022ESB, 2004 WL 1543234, at *2 (Del. Super. 2004) (unpublished opinion) ("It is well established in Delaware that a corporation cannot have 'family members' . . . .").

The Fund equates the shareholders—who are all members of the Knoll family—with the Knoll Corporation. In doing so, however, the Fund disregards the fact that a corporation "has a legal personality *distinct* from the natural persons who make it up." (Emphasis added.) *Matney v. Matney Chiropractic Clinic*, 268 Kan. 336, Syl. ¶ 3, 995 P.2d 871 (2000). In other words, "a corporation is an artificial being" that "must be thought of without reference to members who compose it." 268 Kan. at 341.

The Fund notes that pursuant to K.S.A. 2011 Supp. 44-508(a) the term " '[e]mployer' includes: (1) Any person or body of persons, corporate or unincorporated, and the legal representative of

a deceased employer or the receiver or trustee of a person, corporation, association or partnership." Of course, K.S.A. 44-508(a) also includes the state, cities, counties, school districts, and other political subdivisions under the definition of employer. In other words, K.S.A. 2011 Supp. 44-508(a) simply lists the various types of persons and entities that are to be considered employers under the KWCA. In the present case, it is undisputed that the employer is a corporation.

In reviewing the definitions section of the KWCA, we also note that K.S.A 2011 Supp. 44-508(c)(2) defines the phrase "[m]embers of a family" to mean a "legal spouse and children [including a birth child or an adopted child], . . . parents or grandparents, . . . grandchildren, or . . . brothers and sisters." We find this definition to be consistent with the language used by the legislature in K.S.A. 44-505(a)(2) because both statutes refer to natural persons—not artificial legal entities—as members of a family. Thus, we conclude that the family member exclusion set forth in K.S.A. 44-505(a)(2) only applies to natural persons and is not applicable to artificial entities such as corporations because they are separate legal entities distinct from those who own shares in the corporation.

In light of our interpretation of K.S.A. 44-505(a)(2), we do not find that K.A.R. 51-11-6 is invalid. Rather, we find that the regulation correctly states the current status of Kansas law—that the provision in K.S.A. 44-505(a)(2) excluding the wages of employees who are members of the employer's family does not apply to corporate employers. Because a corporate employer cannot have a family, K.A.R. 51-11-6 does not conflict with K.S.A. 44-505(a)(2). Thus, we find the regulation to be valid.

Finally, the Fund contends that if a family business decides to incorporate, it should still be entitled to benefit from the family member exclusion under K.S.A. 44-505(a)(2). Perhaps this is true. But such public policy determinations are to be made by our elected representatives in the legislature—not by judicial fiat. See *Ft. Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs*, 290 Kan. 446, 460, 228 P.3d 403 (2010) ("[S]uch considerations in the area of statutory provisions are for the legislature to resolve rather than this court."); see also *State v. Prine*, 287 Kan. 713, 737, 200

P.3d 1 (2009) ("Of course, the legislature, rather than this court, is the body charged with study, consideration, and adoption of any statutory change . . . .").

Affirmed.