NOT DESIGNATED FOR PUBLICATION

No. 112,659

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LARRY L. STALNAKER,
*Appellant*,

v.

COWLEY COUNTY COMMUNITY COLLEGE,
*Appellee*.


MEMORANDUM OPINION

Appeal from Cowley District Court; LADONNA L. LANNING, judge. Opinion filed April 8, 2016.
Reversed and remanded with directions.

*Jason P. Brewer*, of Wilson & Brewer, P.A., of Arkansas City, for appellant.

*David W. Andreas*, of Andreas Law Office, of Winfield, for appellee.

Before STANDRIDGE, P.J., BUSER and SCHROEDER, JJ.

BUSER, J.: Larry L. Stalnaker filed this lawsuit for relocation payments after Cowley County Community College (College) took his farm shed through eminent domain. The trial court refused most of his requested relief because Stalnaker did not produce records of actual relocation expenses. Upon our interpretation of Kansas law and the relevant federal regulations, we conclude that because Stalnaker did produce estimates for relocation expenses from three commercial movers, he should obtain relief. Accordingly, we reverse and remand with directions.

1

The issue on appeal is narrow, and the facts may be stated briefly. In January 2013, Stalnaker obtained estimates from three commercial movers to relocate his personal property from the farm shed to a new location. The estimates were $61,150, $63,050, and $65,000.

From January to July 2013, Stalnaker personally conducted the relocation with help from family, friends, and the low-bid commercial mover. At the hearing on this matter, Stalnaker testified he had not yet paid the commercial mover because the fee was "undetermined." Stalnaker described his arrangement with the commercial mover as follows:

> "He has not established a fee yet today. He said we would discuss it after the—in other words, I didn't have the funds to pay him the $61,000, so I told him I couldn't hire him to do the bid, and he said he would help me relocate the best he could, and we would establish what I owed him when I had the funds to pay him."

In the present action, Stalnaker claimed $9,442.40 for the purchase of two storage containers used at the new location, and $61,150 for relocation of his personal property to the new location. At trial, Stalnaker produced a purchase receipt for the containers in support of the first amount, and he produced the estimates from the three commercial movers in support of the second amount. Stalnaker also called the vice president of the low-bid commercial mover to testify regarding that company's estimate and the basis for Stalnaker's relocation claim.

The trial court awarded $9,442.40 for the "proven cost of the . . . storage containers." The trial court, however, refused to award the additional $61,150. The trial judge stated from the bench:

"[Stalnaker] submits that [the College] and the Court are required to accept the lowest of three bids without question, or further supporting proof. Upon [the College] denying such a claim . . . the burden is [Stalnaker's] to prove his necessary and reasonable expenses of moving. The testimony presented . . . does neither. [Stalnaker] produced no records at all. No receipts, no cancelled checks, no log of trips made, or mileage.

. . . .

"The law and regulations do not intend for a condemning authority . . . to either pay for free work or to be sandbagged by plaintiff resulting in a windfall to that plaintiff."

The trial court stated in its journal entry:

"The Court . . . finds [Stalnaker] failed to carry his burden of proof as to actual and reasonable expenses incurred in the relocation because of a failure to produce receipts, cancelled checks, mileage logs and the like, because Stalnaker used his own truck and volunteer help, and because [the low-bid commercial mover] made no billing."

The College has not appealed the trial court's award of $9,442.40. Stalnaker appeals the trial court's refusal to award an additional $61,150 for relocation expenses.

ANALYSIS

On appeal, Stalnaker contends the estimates from three commercial movers were legally sufficient to support his claim for $61,150 pursuant to 49 C.F.R. § 24.301(d)(2)(i) (2015), which applies here through operation of K.S.A. 58-3508. The College does not dispute the applicability of the federal regulation, but it maintains the regulation requires more "documentation" on actual expenses. Our standard of review provides that "[i]nterpretation of statutes and regulations is a question of law subject to unlimited appellate review." *Hall v. Knoll Building Maintenance, Inc.*, 48 Kan. App. 2d 145, Syl. ¶ 2, 285 P.3d 383 (2012).

K.S.A. 58-3508(a)(1) provides that when "real property is acquired by any condemning authority" and "federal funding is not involved . . . displaced person[s], as defined in the federal uniform relocation assistance and real property acquisition policies act of 1970, and amendments thereto" (URA), are entitled to "fair and reasonable relocation payments and assistance." The Kansas statute equates "fair and reasonable relocation payments and assistance" with that "provided under sections 202, 203 and 204" of the URA. K.S.A. 58-3508(a)(2).

Section 202 of the URA, codified at 42 U.S.C. § 4622(a)(1) (2012), provides for payment to a displaced person of "actual reasonable expenses in moving . . . his . . . farm operation, or other personal property." The United States Secretary of Transportation has promulgated regulations at 49 C.F.R. § 24.1 (2015) *et seq.*, to "implement the [URA] in accordance with the following objectives," which include "to minimize litigation and relieve congestion in the courts," to prevent "disproportionate injuries as a result of projects designed for the benefit of the public as a whole," and to ensure the regulations themselves are implemented "in a manner that is efficient and cost effective." 49 C.F.R. § 24.1(a)-(c) (2015).

The federal regulation at issue here is among those promulgated to implement the URA. It provides in relevant part:

> "(d) *Moves from a business, farm or nonprofit organization*. Personal property as determined by an inventory from a business, farm or nonprofit organization may be moved by one or a combination of the following methods: . . . .
> (1) *Commercial move*. Based on the lower of two bids or estimates prepared by a commercial mover. . . .
> (2) *Self-move*. A self-move payment may be based on one or a combination of the following:
> (i) The lower of two bids or estimates prepared by a commercial mover . . . . ; or

4

(ii) Supported by receipted bills for labor and equipment. Hourly labor rates should not exceed the rates paid by a commercial mover to employees performing the same activity and, equipment rental fees should be based on the actual rental cost of the equipment but not to exceed the cost paid by a commercial mover." 49 C.F.R. § 24.301(d)(1)-(2).

The trial court made no finding regarding whether Stalnaker had conducted a self-move, a commercial move, or a combination of the two methods. Stalnaker testified he conducted "a self move," and he makes the same assertion in his statement of facts on appeal. The College does not contest the characterization, saying it "generally concurs" with Stalnaker's statement of facts. The College also argues on the basis that Stalnaker made a "'self-move.'"

It is uncontested, therefore, that Stalnaker conducted a self-move, at least in part. We must also consider, however, that Stalnaker testified to assistance by the low-bid commercial mover. This raises a question whether the facts actually showed a combination of methods. If the trial court's "lack of specific findings precludes meaningful review" of the district court's ruling, we may remand for additional findings. *Dragon v. Vanguard Industries*, 282 Kan. 349, 356, 144 P.3d 1279 (2006).

Stalnaker testified to substantial assistance from the commercial mover. Stalnaker's son spent 2 weeks operating a high-loader and a flatbed semitrailer truck owned by the commercial mover. The commercial mover also provided a worker for 2 weeks. The commercial mover also provided two semitrucks, a crane, and five men for all or part of a day to move the storage containers.

These facts leave uncertainty regarding the division of any relocation payment between Stalnaker and the commercial mover. We do not think this frustrates review of the district court's ruling, however. Both methods of moving under 49 C.F.R. § 24.301(d)(1)-(2) qualify for payment based on two bids or estimates by a commercial

mover. Stalnaker produced three estimates. The worth of the low-bid commercial mover's assistance to Stalnaker would presumably be less than the mover's estimate for the entire job, and the remainder would naturally apply to the self-move. How Stalnaker and the commercial mover might eventually settle accounts, and thus determine the precise division of the payment between them, is not before us on appeal.

The central issue before us is whether the three estimates Stalnaker produced at the hearing were sufficient as proof of the total amount of relocation expenses. The legal acceptability of proof upon only estimates is shown by the separate provision in the federal regulation for proof "by receipted bills for labor and equipment." 49 C.F.R. § 24.301(d)(2)(ii). If such proof were required in every case, as the College maintains, there would be no reason for a separate provision which allows for proof "based on . . . [t]he lower of two bids or estimates prepared by a commercial mover." 49 C.F.R. § 24.301(d)(2)(i).

This is shown further by a note in the Federal Register on the language at issue here, which was amended in 2005:  "One commenter brought to our attention that we had inadvertently left out actual cost moves as one of the options for business moves. We agree and thank the commenter for bringing it to our attention. We have added it back in the regulations as part of § 24.301(d)(2)(ii)." 70 Fed. Reg. 603 (2005). The apparent intent of the federal regulation was not to limit the options to actual cost moves but also to allow payment on submission of two bids or estimates. As a result, we conclude the three estimates Stalnaker produced at the hearing were sufficient under 49 C.F.R. § 24.301(d)(1)-(2) to support his claim of $61,150.

Next, we address the three cases cited by the trial court in support of its holding. First, the trial court cited a Minnesota case which applied a different regulation, 49 C.F.R. § 24.305(k) (2000) (now 49 C.F.R. § 24.301[h][11]). See *In re Relocation Benefits of James Bros.*, 642 N.W.2d 91, 101 (Minn. App. 2002). This regulation excluded

6

payment for "[c]osts for storage of personal property on real property already owned or leased by the displaced person." 49 C.F.R. § 24.305(k). The Court of Appeals of Minnesota upheld denial of payment where the claimant was "storing the unliquidated inventory at his home and at the homes of family and friends." 642 N.W.2d at 101.

The district court did not explain the applicability of *In re Relocation Benefits of James Bros.* to the present facts. In any event, Stalnaker's $61,150 claim was for moving, not for storage. The federal regulation at issue in *In re Relocation Benefits of James Bros.* did not apply here. The fact a displaced person may obtain payment for a self-move under the federal regulation which did apply here, 49 C.F.R. § 24.301(d)(2), means a self-move is not excluded from payment under the same federal regulation.

Second, the trial court also cited an unpublished Minnesota case, *In re River City Woodworking, Inc.*, No. A04-2106, 2005 WL 1432367 (Minn. App. 2005) (unpublished opinion), *rev. denied* August 24, 2005. The claimant there moved in 2000, but it made "claims for reimbursing labor related to its move for 2001, 2002, and 2003." 2005 WL 1432367, at *4. The hearing officer awarded claimant payment for the year 2000, but the officer "found that the costs for [2001-2003] were 'unreasonable given the fact that the move commenced one year prior . . . [and claimant] has now been operating out [of] their new location for almost three years." 2005 WL 1432367, at *4. The claimant argued the hearing officer's determination was arbitrary and capricious, but the Court of Appeals of Minnesota disagreed summarily: "The record supports the hearing officer's determination, and [claimant] has failed to provide any legal reasoning or support of its argument that the hearing officer's determination is arbitrary or capricious." 2005 WL 1432367, at *4.

The trial court applied *In re River City Woodworking, Inc.* as follows: "The claimant in that case argued, similar to this case, that the hearing officer had to accept all or none of the claim, and appealed an award that was less than the full claim presented."

7

Stalnaker, however, does not argue his claim was unitary and must be accepted entirely or not at all. He simply argues the portion rejected below was supported by legally adequate proof, contrary to the trial court's ruling. We agree with Stalnaker's legal contention.

Third, the trial court cited an unpublished decision of this court, *Frick v. City of Salina*, No. 104,021, 2011 WL 5833290 (Kan. App. 2011) (unpublished opinion), *rev. denied* 296 Kan. 1129 (2013), *cert. denied* 134 S. Ct. 386 (2013). The trial court noted this court "held that the federal regulations indicate a displaced person is not entitled to costs of storage on a person's own real estate when there are no costs incurred." That is correct, but this court's holding was based on 49 C.F.R. § 24.305(k) (1999), the same provision applied by the Minnesota court, in *Frick*, 2011 WL 5833290, at *7-8. As we have previously discussed, that regulation does not apply here.

Finally, two other matters noted by the trial court deserve comment. First, contrary to the trial court's suggestion, the free work provided by Stalnaker's family and friends did not bar recovery. The allowance of payment for a self-move shows that not all relocation work must be commercially hired to support payment. Second, while we appreciate the trial court's concern about the potential for sandbagging or windfall profit, we are constrained to interpret the regulations consistent with legislative intent. See *Frick v. City of Salina*, 289 Kan. 1, 13-14, 208 P.3d 739 (2009) (referring to the "clear expression of intent by the Kansas Legislature to implement the federal scheme for relocation benefits"). The federal regulation is designed to accomplish payment to displaced persons efficiently and inexpensively, and thus the estimates by the commercial movers here were sufficient without more extensive (and expensive) proof at trial.

The district court's order is reversed, and the case is remanded with directions to enter an order awarding a relocation payment to Stalnaker in the amount of $61,150.

8

Reversed and remanded with directions.